# IN THE DISTRICT COURT OF THE UNITED STATES

## For the Western District of New York

_____

|  |  |
|---|---|
| | **OCTOBER 2011 GRAND JURY** <br> **(Impaneled 10/20/11)** |
| **THE UNITED STATES OF AMERICA** | |
| *-vs-* | **SEALED** <br> **INDICTMENT** |
| **SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo** <br> (Counts 1-9), <br> **ANGELO LOUISSAINT** <br> (Counts 1-5, 8-11)**,** and <br> **JENNIFER JOHNSON** <br> (Counts 1-5, 8-9) | **Violations:** <br><br> Title 18, United States Code, <br> Sections  2, 1341, 1343, 1349, <br> 1956(a)(1)(A)(i) and 1957 <br> (11 Counts and 2 Forfeiture <br> Allegations) |

### INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.    Flaherty Funding Corporation ("Flaherty Funding") was a licensed mortgage company based in Rochester, New York.

2.    Vista Mortgage Associates ("Vista Mortgage") was engaged in the business of brokering mortgages in Queens, New York, which included submitting applications and supporting documentation to various banks and mortgage companies, including Flaherty Funding.

3.    Defendant SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo("OLA-OJO") was employed by Vista Mortgage as a loan officer.  His duties

included, among other things, locating prospective borrowers and preparing mortgage loan applications.

4.     Defendant ANGELO LOUISSAINT ("LOUISSAINT") was an independent contractor who provided services to Vista Mortgage. His responsibilities included, among other things, locating prospective borrowers and preparing mortgage loan applications for Vista Mortgage.

5.     Defendant JENNIFER JOHNSON ("JOHNSON") worked with defendant LOUISSAINT.

6.     Merrick Henry was an independent contractor who provided services to Vista Mortgage.  His responsibilities included, among other things, locating prospective borrowers and preparing mortgage loan applications for Vista Mortgage.

7.     Tyshe Bankston, Bernard Lawson and Jocelyn Joseph and J.A. and B.C., persons known to the Grand Jury, were recruited to purchase real property in the New York City area and to obtain, with Vista Mortgage's assistance, mortgage loans in connection with such purchases from Flaherty Funding.

8.    Sonya Nelson worked for a payroll company in the New York City area.


9.    Blackstone Corp. was an entity controlled by defendant LOUISSAINT.

## COUNT 1
### (Conspiracy To Commit Mail and Wire Fraud)

### The Grand Jury Charges That:


1.    The Introductory Allegations of this Indictment are specifically incorporated herein by reference.

### A.    THE OBJECT OF THE CONSPIRACY

2.    From in or about May 2008 and continuing thereafter until in or about September 2008, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did knowingly, willfully and unlawfully combine, conspire and agree together and with Merrick Henry and with others, known and unknown to the Grand Jury, to commit the following offenses, that is:


a.    to devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of false and fraudulent pretenses, representations

and promises, and for the purpose of executing such scheme and artifice, knowingly causing documents to be delivered by commercial interstate carrier according to the direction thereon, in violation of Title 18, United States Code, Section 1341; and

b.   to devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitting, and causing to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343.

3.   The object of the conspiracy, that is, the scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, consisted of the defendants and other co-conspirators obtaining and attempting to obtain money for their personal use by causing false and fraudulent mortgage applications, supporting documentation and other information to be submitted to Flaherty Funding to induce Flaherty Funding to provide mortgage loans:

a.   in amounts substantially greater than what Flaherty Funding would have loaned had it received true and

4

accurate information and documentation regarding
the transactions; and

b.   to purchasers who did not qualify for the loans
sought and who did not intend to repay the loans.

**B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY
WAS TO BE ACCOMPLISHED**

The object of the conspiracy was accomplished in substance as
follows:

4.   The defendants recruited, and caused to be recruited,
individuals who had no intention of occupying a property and making
mortgage payments, but who were willing to pose as legitimate
buyers and sign the paperwork necessary to purchase the property,
that is, "straw buyers," willing to lend their names to real
estate purchase transactions.

5.   The defendants prepared, and caused to be prepared, false
and fraudulent mortgage applications in the names of the straw
buyers that overstated the straw buyers' income and assets, and
created, and caused to be created, false and fraudulent supporting
documents.  Among other things, the mortgage applications falsely
and fraudulently represented the following:

a.   the straw buyers' down payment amount and the
source of funds for such down payment;

b.   the straw buyers' employment;

    c.    the straw buyers' income;

    d.    the straw buyers' assets; and

    e.    the straw buyers' intention to occupy the property as their primary residences.

6.    The defendants and others caused sales contracts to be executed between purported sellers of properties and the straw buyers in which the straw buyers agreed to purchase the properties at prices that were substantially higher than the fair market value of the property.

7.    The defendants and others prepared false and fraudulent evidence of down payments by the straw buyers when no such down payments were made.

8.    The defendants and others caused to be prepared and executed false and fraudulent Forms HUD-1 and false and fraudulent closing documents that materially misrepresented the nature of the transaction and its participants.

9.    The defendants and others used the foregoing means to induce Flaherty Funding to approve and fund mortgage loans, which loans Flaherty Funding made in reliance on the defendants' false and fraudulent pretenses, representations and promises. The proceeds of the mortgage loans were distributed among the members

of the conspiracy.

10.  A commercial interstate carrier was used to deliver the closing documents to Flaherty Funding in Rochester, New York, and interstate wire communications were used as part of the application, underwriting and funding processes.

### C.  **ACTS IN FURTHERANCE OF THE CONSPIRACY**

In furtherance of the conspiracy, and to effect the object thereof, the following acts, among others, were committed in the Western District of New York and elsewhere:

### **The 883 Herkimer Street Property**

11.  Sometime prior to on or about July 8, 2008, at the direction of defendant LOUISSAINT, a straw buyer, Bernard Lawson, was recruited to participate in the scheme.

12.  On or about June 2, 2008, defendants caused to be prepared and submitted to Flaherty Funding a mortgage application and supporting documents in the name of Bernard Lawson for the purported purchase of a residential property located at 883 Herkimer Street, Brooklyn, New York.  The application stated that Bernard Lawson planned to purchase 883 Herkimer Street for

$760,000, and sought a mortgage loan in the amount of $646,000 to finance the purchase.

13.   The information contained in the mortgage application and supporting documents misrepresented Bernard Lawson's employment, income and assets, as well as his intention to occupy the premises.

14.   Sometime prior to on or about July 8, 2008, defendant OLA-OJO asked Sonya Nelson to prepare false and fraudulent Form W-2s and earnings statements for Bernard Lawson in support of the mortgage application.  Sonya Nelson did so, and delivered the false and fraudulent documents to defendant OLA-OJO, who in turn provided them to Flaherty Funding.

15.   Sometime prior to on or about July 8, 2008, defendants prepared, and caused to be prepared, and executed a HUD-1 Settlement Statement that falsely and fraudulently represented that Bernard Lawson would contribute approximately $113,700 of his own money toward the purchase of the property.   Defendants also prepared, and caused to be prepared false and fraudulent bank account statements that purported to establish that Bernard Lawson had sufficient funds to cover his closing costs.   In addition, defendant JOHNSON issued a false and fraudulent Loan Policy of Title Insurance, purportedly as the authorized officer or licensed

8

agent of Old Republic National Title Insurance Company.  In fact, no valid title insurance coverage was actually provided. Further, as the defendants knew, the purported seller of 883 Herkimer Street did not own the property, having previously sold it to another individual.

16.  On or about July 8, 2008, Bernard Lawson and others participated in a real estate closing for 883 Herkimer Street and prepared and signed materially false and fraudulent documents that induced Flaherty Funding to make a mortgage loan to Bernard Lawson in the amount of $646,300.

17.  On or after July 8, 2008, defendants divided the fraudulently acquired mortgage loan proceeds among themselves and others.

18.  On or about July 8, 2008, the various mortgage loan documents signed and executed at the closing of the above-described real property were delivered by commercial interstate carrier to Flaherty Funding in Rochester, New York.

### The 16404 107th Avenue Property

19.   On or about June 13, 2008, defendant LOUISSAINT, acting as Blackstone Corp., entered into a contract to purchase a dwelling located at 16404 107th Avenue, Jamaica, New York, for a cash payment of $250,000.   The contract specified that the transaction would close, and title to the property would transfer to defendant LOUISSAINT, acting as Blackstone Corp., on or before July 11, 2008.

20.   Sometime prior to on or about September 12, 2008, at the direction of defendant LOUISSAINT, a straw buyer, Jocelyn Joseph, was recruited to participate in the scheme by purportedly purchasing 16404 107th Avenue from defendant LOUISSAINT at an inflated price.

21.   On or about June 26, 2008, defendants caused to be prepared and submitted to Flaherty Funding mortgage application and supporting documents in the name of Jocelyn Joseph.   The application stated that Jocelyn Joseph planned to purchase 16404 107th Avenue for $594,000, and sought a mortgage loan in the amount of $533,850 to finance the purchase.

22.   The information contained in the mortgage application and supporting documents submitted on behalf of Jocelyn Joseph misrepresented Jocelyn Joseph's employment, income and assets, as

well as his intention to occupy the premises.

23.  Sometime prior to on or about September 12, 2008, defendants prepared, and caused to be prepared, and executed a false and fraudulent HUD-1 Settlement Statement that falsely and fraudulently represented that Jocelyn Joseph had made an earnest money deposit toward the purchase of the property in the amount of $59,400.  Defendants also prepared, and caused to be prepared false and fraudulent bank account statements that purported to establish that Jocelyn Joseph had sufficient funds to cover his closing costs.

24.  On or about July 29, 2008, defendant JOHNSON added Jocelyn Joseph as a signator to a bank account ending in -9012 that defendant JOHNSON controlled.  This bank account was the source of funds for Cashier's Check No. 1478557 in the amount of $59,400, purchased by defendant JOHNSON on August 18, 2008, which check defendants caused to be altered to appear that it had been purchased by Jocelyn Joseph on April 28, 2008, for a down payment on the property.  Cashier's Check No. 1478557 was cancelled and voided on August 21, 2008, with the notation "NOT USED FOR PURPOSE."

25.  Sometime prior to on or about September 12, 2008,

defendant OLA-OJO asked Sonya Nelson to prepare false and fraudulent Form W-2s and earnings statements for Jocelyn Joseph in support of the mortgage application.  Sonya Nelson did so, and delivered the false and fraudulent documents to defendant OLA-OJO, who in turn provided them to Flaherty Funding.

26.  On or about September 12, 2008, Jocelyn Joseph and others participated in a real estate closing for 16404 107th Avenue, and prepared and signed materially false and fraudulent documents that induced Flaherty Funding to make a mortgage loan to Jocelyn Joseph in the amount of $533,850.

27.  On or after September 12, 2008, defendants divided the fraudulently acquired mortgage loan proceeds among themselves and others.  A portion of the proceeds, approximately $173,951.86, was applied to the purchase of a property known as 1466 Southern Boulevard, Bronx, New York, in the name of Blackstone Corp.

28.  On or about September 12, 2008, the various mortgage loan documents signed and executed at the closing of the above-described real property were delivered by commercial interstate carrier to Flaherty Funding in Rochester, New York.

## The 1785 Pacific Street Property

29.  Sometime prior to on or about September 10, 2008, at the direction of Merrick Henry, a straw buyer, Tyshe Bankston, was recruited to participate in the scheme.

30.  On or about August 19, 2008, defendant OLA-OJO and Merrick Henry caused to be prepared and submitted to Flaherty Funding mortgage application and supporting documents in the name of Tyshe Bankston for the purchase of a residential property located at 1785 Pacific Street, Brooklyn, New York.   The application stated that Tyshe Bankston planned to purchase 1785 Pacific Street for $635,000, and sought a mortgage loan in the amount of $533,850 to finance the purchase.

31.  The information contained in the mortgage application and supporting documents submitted on behalf of Tyshe Bankston misrepresented her employment, income and assets, as well as her intention to occupy the premises.

32.  Sometime prior to on or about September 10, 2008, defendant OLA-OJO asked Sonya Nelson to prepare false and fraudulent Form W-2s and earnings statements for Tyshe Bankston in support of the mortgage application.   Sonya Nelson did so, and delivered the false and fraudulent documents to defendant OLA-OJO,

who in turn provided them to Flaherty Funding.

33.  Sometime prior to on or about September 10, 2008, defendant OLA-OJO and Merrick Henry also prepared, and caused to be prepared, and executed a HUD-1 Settlement Statement that falsely and fraudulently represented that Tyshe Bankston had made an earnest money deposit on the purchase in the amount of $63,500 and that she would contribute an additional $36,629.85 of her own money toward the purchase of the property.  To support these false and fraudulent statements, defendant OLA-OJO and Merrick Henry also prepared a false and fraudulent check in the name of Tyshe Bankston, dated August 7, 2008, in the amount of $63,500, as well as false and fraudulent bank account statements that purported to establish that Tyshe Bankston had sufficient funds to cover her closing costs.

34.  On or about September 10, 2008, Tyshe Bankston and others participated in a real estate closing for 1785 Pacific Street, and prepared and signed materially false and fraudulent documents that induced Flaherty Funding to make a mortgage loan to Tyshe Bankston in the amount of $533,850.

35.  On or after September 10, 2008, defendant OLA-OJO, Merrick Henry and others then divided the fraudulently acquired

14

mortgage loan proceeds among themselves and others.

36.   On or about September 10, 2008, the various mortgage loan documents signed and executed at the closing of the above-described real property were delivered by commercial interstate carrier to Flaherty Funding in Rochester, New York.

37.   Subsequently, Flaherty Funding learned that the income tax information for Tyshe Bankston contained on the mortgage application did not match the information contained in the income tax return records of the Internal Revenue Service.  In an effort to avoid detection of their fraud, on or about September 24, 2008, defendant OLA-OJO and Merrick Henry caused to be prepared and submitted to Flaherty Funding a false and fraudulent amended federal income tax return on Form 1040X for Tyshe Bankston.

### The 29 Beach Street Property

38.   Sometime prior to on or about August 8, 2008, at the direction of LOUISSAINT, a straw buyer, J.A., was recruited to participate in defendants' scheme.

39.   On or about June 27, 2008, defendants caused to be prepared and submitted to Flaherty Funding a mortgage application and supporting documents in the name of J.A., for the purchase of a residential property located at 29 Beach Street, Copiague, New York.   The application stated that J.A. planned to purchase 29 Beach Street for $365,000, and sought a mortgage loan in the amount of $328,500 to finance the purchase.

40.   The information contained in the mortgage application and supporting documents submitted on behalf of J.A. materially misrepresented J.A.'s employment, income and assets.

41.   Sometime prior to on or about August 8, 2008, defendant OLA-OJO asked Sonya Nelson to prepare false and fraudulent Form W-2s and earnings statements for J.A. in support of the mortgage application.   Sonya Nelson did so, and delivered the false and fraudulent documents to defendant OLA-OJO, who in turn provided them to Flaherty Funding.

42.   Sometime prior to on or about August 8, 2008, defendants further caused to be submitted to Flaherty Funding a false and fraudulent Residential Contract of Sale, dated February 2008, between the purported seller of the property and J.A., proposing to sell the property to J.A. for $365,000.   In fact, the purported

seller did not own the property.

## The 117-48 135th Street Property

43.   Sometime prior to on or about September 22, 2008, at the direction of defendant LOUISSAINT, a straw buyer, B.C., was recruited to participate in the scheme.

44.   On or about June 19, 2008, defendants caused to be prepared and submitted to Flaherty Funding a mortgage application and supporting documents in the name of B.C. for the purchase of a residential property located at 117-48 135th Street, South Ozone Park, NY 11420.  The mortgage application stated that B.C. planned to purchase 117-48 135th Street for $650,000, and sought a mortgage loan in the amount of $585,000 to finance to purchase.

45.   The information contained in the mortgage application and supporting documents submitted on behalf of B.C. misrepresented B.C.'s employment, income and assets.

46.   Sometime prior to on or about September 22, 2008, defendant OLA-OJO asked Sonya Nelson to prepare false and fraudulent Form W-2s and earnings statements for B.C. in support of the mortgage application.  Sonya Nelson did so, and delivered the false and fraudulent documents to defendant OLA-OJO, who in turn

provided them to Flaherty Funding.

47. Sometime prior to on or about September 22, 2008, defendants further caused to be submitted to Flaherty Funding a false and fraudulent Residential Contract of Sale dated June 2008, between the purported seller of the property and B.C., proposing to sell the property to B.C. for $650,000. In fact, the purported seller did not own the property.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNT 2
### (Mail Fraud)

**The Grand Jury Further Charges That:**

1. The Introductory Allegations of this Indictment and Paragraphs 3 through 18 of Count 1 are specifically incorporated herein by reference.

2. From in or about May 2008 and continuing to in or about July 2008, in the Western District of New York, and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and

fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 883 Herkimer Street, Brooklyn, New York.

3.   On or about July 8, 2008, for the purpose of executing, and attempting to execute, the scheme and artifice, the defendants knowingly caused to be delivered to Flaherty Funding in Rochester, New York, by commercial interstate carrier according to the direction thereon, the closing documents for the transaction involving the 883 Herkimer Street property.

**All in violation of Title 18, United States Code, Sections 1341 and 2.**

### COUNT 3
### (Wire Fraud)

**The Grand Jury Further Charges That:**

1.   The Introductory Allegations of this Indictment and Paragraphs 3 through 18 of Count 1 are specifically incorporated herein by reference.

2.   From in or about May 2008, and continuing to in or about July 2008, in the Western District of New York, and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise,

a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 883 Herkimer Street, Brooklyn, New York.

3.   For the purpose of executing, and attempting to execute the scheme and artifice, on or about the dates set forth below, the defendants did transmit, and cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, and pictures, that is, the items described below:

| DATE | DESCRIPTION |
|------|-------------|
| 06/27/08 | Notice of Loan Approval for Bernard Lawson provided to Flaherty Funding in Rochester, New York, by MGIC Investor Services Corporation in Pennsylvania. |
| 07/08/08 | Wire Transmission Form regarding Bernard Lawson mortgage loan provided by Flaherty Funding in Rochester, New York, to First Star Bank in Texas. |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

**COUNT 4**
**(Mail Fraud)**

**The Grand Jury Further Charges That:**

1.   The Introductory Allegations of this Indictment and

Paragraphs 3 through 10 and 19 through 28 of Count 1 are specifically incorporated herein by reference.


2.    From in or about June 2008 and continuing to in or about September 2008, in the Western District of New York, and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 16404 107th Avenue, Jamaica, New York.


3.    On or about September 12, 2008, for the purpose of executing, and attempting to execute, the scheme and artifice, the defendants knowingly caused to be delivered to Flaherty Funding in Rochester, New York, by commercial interstate carrier according to the direction thereon, the closing documents for the transaction involving the 16404 107th Avenue property.


**All in violation of Title 18, United States Code, Sections 1341 and 2.**

### COUNT 5
### (Wire Fraud)

**The Grand Jury Further Charges That:**

1.   The Introductory Allegations of this Indictment and Paragraphs 3 through 10 and 19 through 28 of Count 1 are specifically incorporated herein by reference.

2.   From in or about June 2008, and continuing to in or about September 2008, in the Western District of New York and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 16404 107th Avenue, Jamaica, New York.

3.   For the purpose of executing, and attempting to execute the scheme and artifice, on or about the dates set forth below, the defendants did transmit, and cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, and pictures, that is, the items described below:

| DATE | DESCRIPTION |
|------|-------------|
| 08/12/08 | Notice of Loan Approval for Jocelyn Joseph provided to Flaherty Funding in Rochester, New |

York, by MGIC Investor Services Corporation in Pennsylvania.

09/11/08      Wire Transmission Form regarding Jocelyn Joseph mortgage loan provided by Flaherty Funding in Rochester, New York, to First Star Bank in Texas.

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

## COUNT 6
### (Mail Fraud)

**The Grand Jury Further Charges That:**

1.   The Introductory Allegations of this Indictment and Paragraphs 3 through 10 and 29 through 37 of Count 1 are specifically incorporated herein by reference.


2.   From in or about August 2008 and continuing to in or about September 2008, in the Western District of New York, and elsewhere, the defendant, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 1785 Pacific Street, Brooklyn, New York.

3.     On or about September 10, 2008, for the purpose of executing, and attempting to execute, the scheme and artifice, the defendants knowingly caused to be delivered to Flaherty Funding in Rochester, New York, by commercial interstate carrier according to the direction thereon, the closing documents for the transaction involving the 1785 Pacific Street property.

**All in violation of Title 18, United States Code, Sections 1341 and 2.**

### COUNT 7
### (Wire Fraud)

**The Grand Jury Further Charges That:**

1.     The Introductory Allegations of this Indictment and Paragraphs 3 through 10 and 29 through 37 of Count 1 are specifically incorporated herein by reference.

2.     From in or about August 2008, and continuing to in or about September 2008, in the Western District of New York and elsewhere, the defendant, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 1785 Pacific Street, Brooklyn,

New York.

3.    For the purpose of executing, and attempting to execute
the scheme and artifice, on or about the dates set forth below, the
defendants did transmit, and cause to be transmitted, by means of
wire communication in interstate commerce writings, signs, signals,
and pictures, that is, the items described below:

| DATE | DESCRIPTION |
|------|-------------|
| 08/31/08 | Notice of Loan Approval for Tyshe Bankston provided to Flaherty Funding in Rochester, New York by MGIC Investor Services Corporation in Pennsylvania. |
| 09/09/08 | Wire Transmission Form regarding Tyshe Bankston mortgage loan provided by Flaherty Funding in Rochester, New York, to First Star Bank in Texas. |

**All in violation of Title 18, United States Code, Sections
1343 and 2.**

**COUNT 8**
**(Wire Fraud)**

**The Grand Jury Further Charges That:**

1.    The Introductory Allegations of this Indictment and
Paragraphs 3 through 10 and 38 through 42 of Count 1 are
specifically incorporated herein by reference.

2.    From in or about June 2008 and continuing to in or about

September 2008, in the Western District of New York, and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 29 Beach Street, Copiague, New York.

3.   For the purpose of executing, and attempting to execute the scheme and artifice, on or about the date set forth below, the defendants did transmit, and cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, and pictures, that is, the item described below:

| **DATE** | **DESCRIPTION** |
|----------|-----------------|
| 08/08/08 | Notice of Loan Approval for J.A. provided to Flaherty Funding in Rochester, New York, by MGIC Investor Services Corporation in Pennsylvania. |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

26

**COUNT 9**
**(Wire Fraud)**

**The Grand Jury Further Charges That:**

1.   The Introductory Allegations of this Indictment and Paragraphs 3 through 10 and 43 through 47 of Count 1 are specifically incorporated herein by reference.


2.   From in or about June 2008 and continuing to in or about September 2008, in the Western District of New York and elsewhere, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, did devise, and intend to devise, a scheme and artifice to defraud Flaherty Funding and to obtain money from Flaherty Funding by means of materially false and fraudulent pretenses, representations and promises in connection with a mortgage loan for the purported purchase of the property located at 117-48 135th Street, South Ozone Park, New York.


3.   For the purpose of executing, and attempting to execute the scheme and artifice, on or about the date set forth below, the defendants did transmit, and cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, and pictures, that is, the item described below:

| DATE | DESCRIPTION |
| --- | --- |
| 09/22/08 | Statement of Credit Denial for B.C. by JPMorgan Chase Bank in Florida provided to Flaherty Funding in Rochester, New York. |

27

All in violation of Title 18, United States Code, Sections 1343 and 2.


## COUNT 10
(Laundering of Monetary Instruments)

**The Grand Jury Further Charges That:**

1.    The allegations contained in Paragraphs 3 through 10 and 19 through 28 of Count 1 and the allegations of Counts 4 and 5 of this Indictment are specifically incorporated herein by reference.


2.    On or about September 12, 2008, in the Western District of New York, and elsewhere, the defendant, ANGELO LOUISSAINT, did knowingly conduct, and attempt to conduct, a financial transaction affecting interstate commerce, that is, the wire transfer of approximately $173,951.86 in funds by, through and to HSBC Bank and Bank of America, financial institutions engaged in and the activities of which affected interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343, with the intent to promote the carrying on of specified unlawful activity, that is, mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343, and that while conducting, and attempting to conduct, said financial transaction knew that the property involved in the

28

financial transactions, that is, the said funds, represented the proceeds of some form of unlawful activity.

**All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.**

## COUNT 11

**(Engaging In Monetary Transaction In Criminally Derived Funds)**

**The Grand Jury Further Charges That:**

1.    The allegations contained in Paragraphs 3 through 10 and 19 through 28 of Count 1 and the allegations of Counts 4 and 5 of this Indictment are specifically incorporated herein by reference.

2.    On or about September 12, 2008, in the Western District of New York, and elsewhere, the defendant, ANGELO LOUISSAINT, in the United States, did knowingly engage, and attempt to engage, in a  monetary transaction in and affecting interstate commerce in criminally derived property of a value greater than $10,000, that is, the wire transfer of approximately $173,951.86 in funds by, through and to HSBC Bank and Bank of America, financial institutions engaged in and the activities of which affected interstate commerce, said funds being derived from a specified unlawful activity, that is, mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343, and that

while engaging, and attempting to engage, in such monetary transaction, knew that the funds involved in the transaction constituted, and were derived from, proceeds obtained from a criminal offense.

**All in violation of Title 18, United States Code, Sections 1957 and 2.**

### FIRST FORFEITURE ALLEGATION

**The Grand Jury Alleges That:**

1.   Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1341, 1343 and 1349 set forth in Counts 1 through 9 of this Indictment, the defendants, SEAN OLA-OJO a/k/a Segun Segsy Ola-Ojo, ANGELO LOUISSAINT and JENNIFER JOHNSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).  The property to be forfeited includes, but is not limited to, the sum of approximately $1,989,000.00, which sum of money is equal to the total amount of money involved in the offenses.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.    If any of the property described above, as a result of any act or omission of the defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**All pursuant to Title 18, United States Code, Section 981(a)(1)(c), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).**

## SECOND FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

1.    Upon the conviction of the offenses in violation of Title 18, United States Code, Sections 1956 & 1957 set forth in Counts 10 through 11 of this Indictment, the defendant, **ANGELO LOUISSAINT,**

shall forfeit to the United States of America all right, title, and interest in any and all property involved in such offenses and all property traceable to such property, including the following: (a) all money or other property or traceable to such property, that was the subject of each transaction, transmission or transfer in violation of Sections 1956 and 1957; (b) all commissions, fees and other property constituting proceeds obtained as a result of the violation; and (c) all property or traceable to such property, used in any manner or part to commit or to facilitate the commission of the violation.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty.

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

**All pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p).**

DATED: Rochester, New York, June 14, 2012.

WILLIAM J. HOCHUL, JR.
United States Attorney

By:   */s/John J. Field*_____
JOHN J. FIELD
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585)263-6760, ext. 2233
john.field@usdoj.gov

A TRUE BILL:

*/s/Foreperson*_____
FOREPERSON